NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000038
09-DEC-2011
08:39 AM

NO. CAAP-11-0000038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
FELICIA M. STELLFLUG, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-10-00693)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., and Ginoza, J.;
Fujise, J., dissenting)


Defendant-Appellant Felicia M. Stellflug (Stellflug) appeals from the Judgment entered on December 29, 2010 in the District Court of the Second Circuit, Wailuku Division (district court).[1]

The district court found Stellflug guilty of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes § 291E-61(a) (Supp. 2009) (OVUII).

On appeal, Stellflug contends, and the State of Hawaiʻi (State) agrees, the district court erred by (1) admitting the results of a horizontal gaze nystagmus (HGN) test into evidence

---

[1]  The Honorable Blaine Kobayashi presided.

and such error was not harmless and (2) denying her request to stay her sentence pending appeal.

We agree that the results of the HGN test were erroneously admitted into evidence because the State did not elicit testimony to lay the required foundation. State v. Mitchell, 94 Hawai'i 388, 397, 15 P.3d 314, 323 (App. 2000). The remaining question is whether this error was harmless.

Hawai'i Rules of Penal Procedure (HRPP) Rule 52(a) provides, in relevant part, that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The Hawai'i Supreme Court has stated that "[s]uch error, however, should not be viewed in isolation and considered purely in the abstract. It must be examined in light of the entire proceedings and given the effect to which the whole record shows it is entitled." State v. Sprattling, 99 Hawai'i 312, 320, 55 P.3d 276, 284 (2002) (internal quotation marks, citation, and brackets in original omitted). Under the harmless error standard, the appellate court "must determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Pauline, 100 Hawai'i 356, 378, 60 P.3d 306, 328 (2002) (internal quotation marks and citation omitted). "If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside." State v. Gano, 92 Hawai'i 161, 176, 988 P.2d 1153, 1168 (1999) (internal quotation marks and citation omitted).

In the instant case, there is more than a reasonable possibility that the error complained of might have contributed to the conviction. The district court judge expressly relied on the results of the HGN in finding Stellflug guilty of OVUII.

Therefore,

IT IS HEREBY ORDERED that the Judgment entered on December 29, 2010 in the District Court of the First Circuit,

2

Wailuku Division, is vacated and this case is remanded for further proceedings. We decline to address Stellflug's other point as it is moot.

DATED: Honolulu, Hawai'i, December 9, 2011.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge